UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

OSCAR MILLER,

                        Plaintiff,

        v.                                          9:17-CV-0369
                                                                     (GTS/DJS)

ANTHONY ANNUCCI, et al.,

                        Defendants.

---

APPEARANCES:

OSCAR MILLER
10-A-3376
Plaintiff, pro se
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, NY 12821

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

Plaintiff Oscar Miller commenced this action by filing a pro se complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and requesting leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."). Dkt. No. 2 ("IFP Application"). Currently before the Court is plaintiff's amended complaint. Dkt. No. 6 ("Am. Compl.").

### II. DISCUSSION

    **A.    Background**

By Decision and Order filed May 26, 2017, plaintiff's IFP Application was granted. Dkt. No. 5 (the "May 2017 Order"). Following review of the complaint pursuant to 28 U.S.C. §

1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that plaintiff's complaint failed to state a claim for relief pursuant to Section 1983. *See generally* the May 2017 Order. First, the Court found that to the extent that plaintiff sought to enjoin the enforcement of his sentence, plaintiff was essentially seeking his earlier release from incarceration - relief which could only be obtained in a habeas corpus petition. *Id.* at 5-6. Second, plaintiff's claims for monetary damages were dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). May 2017 Order at 6-7. Finally, plaintiff's request for an injunction directing defendants to produce a copy of his sentencing minutes was dismissed because, according to plaintiff's exhibits, the New York State Department of Corrections and Community Supervision ("DOCCS") advised plaintiff that the documents were not available in their records. *Id.* at 7-8. Although plaintiff's complaint was dismissed in its entirety, in light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id.* at 8-10.

### B.   Review of the Amended Complaint

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the May 2017 Order and it will not be restated in this Decision and Order. *See* May 2017 Order at 2-4.

In the amended complaint, plaintiff alleges that he is being held in the custody of DOCCS pursuant to an illegal Sentence and Commitment Order. Am. Compl. at 3-5. "Plaintiff alleges that he is not challenging the validity of the conviction, nor does he seek immediate release from incarceration[.]" *Id.* at 5. Instead, plaintiff alleges that he "seeks to determine the length of a COURT IMPOSED SENTENCE, [and] if any, how much Post

2

Release supervision (PRS) was allegedly imposed by the Court." *Id.* Plaintiff requests monetary damages, together with declaratory and injunctive relief against the defendants in their official and individual capacities. Am. Compl. at 1, 13-15. For a more complete statement of plaintiff's claims, refer to the amended complaint.

Plaintiff requests monetary damages against all of the defendants in both their individual and official capacities. Am. Compl. at 1, 14. The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009). It is well-settled that Congress did not abrogate states' immunity through 42 U.S.C. § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's complaint. *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. State of New York*, No. 93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996). Actions for damages against a state official in his or her official capacity are essentially actions against the state. *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989). Thus, plaintiff's claims for monetary damages pursuant to 42 U.S.C. § 1983 against the defendants in their official capacities are dismissed

3

pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment.

Insofar as plaintiff seeks monetary damages against the defendants in their individual capacities because he believes that his confinement by DOCCS is illegal, his request fails. As set forth in the May 2017 Order:

> In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a Section 1983 action seeking money damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Id.* at 486-87. Absent such a showing, an inmate may only seek relief in the federal courts through a petition for habeas corpus. *See Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999).

May 2017 Order at 6. As with the original complaint, the amended complaint has no facts to plausibly suggest that plaintiff's conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Thus, plaintiff's claims for monetary damages against the defendants in their individual capacities are dismissed as barred by *Heck v. Humphrey*.

Plaintiff also requests declaratory relief. Am. Compl. at 13-14. Construed liberally, plaintiff essentially asks the Court to declare his confinement illegal because "there exists NO record of this Plaintiff being sentenced to a term of imprisonment." *Id.* at 13. Because the declaratory relief requested would implicate the validity of plaintiff's sentence, plaintiff's claims for declaratory relief are barred by *Heck v. Humphrey*. *See* May 2017 Order at 6-7 (citing *Loyd v. Cuomo*, No. 8:14-CV-0829 (GLS/CFH), 2015 WL 3637409, at \*2 (N.D.N.Y. June 10, 2015) ("[T]he Supreme Court has explained that the *Heck* rule applies 'no matter the relief sought (damages or equitable relief).'") (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)

4

and citing *Caswell v. Green*, 424 F. App'x 44, 45 (2d Cir. 2011))).

Finally, plaintiff seeks injunctive relief from the defendants. In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution. Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *see also Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 32 (2d Cir. 1991) (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities).

Here, construed liberally, plaintiff seeks a court order directing the defendants to produce documentary evidence to "substantiate [his] Sentence and Commitment" so that he may "explore" whether he can lodge a challenge to his confinement. Am. Compl. at 6, 14. Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), this limited request for injunctive relief against defendant Annucci in his official capacity survives sua sponte review and requires a response. *See, e.g., Caswell v. Green*, 424 F. App'x 44, 45-46 (2d Cir. 2011) (holding that a post-conviction claim under Section 1983 seeking evidence for use on direct appeal or in a separate collateral attack does not "necessarily demonstrate" the invalidity of a conviction or confinement, and may not be barred by *Heck v. Humphrey*). In so ruling, the Court expresses no opinion as to whether this

5

claim can withstand a properly filed dispositive motion. Plaintiff's remaining requests for injunctive relief against defendant Annucci and all of plaintiff's requests for injunctive relief against the remaining defendants are dismissed in their entirety.[1]

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint, as modified by this Decision and Order, is accepted for filing and is the operative pleading; and it is further

**ORDERED** that all claims for monetary damages against the defendants in their official capacities are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b);[2] and it is further

**ORDERED** that plaintiff's request for injunctive relief against defendant Annucci in his official capacity, as limited herein above, survives sua sponte review and requires a response; and it is further

**ORDERED** that all remaining claims are **DISMISSED without prejudice** in their entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;[3] and it is further

---

[1] Since plaintiff's claim seeking evidence to support a future challenge to his confinement has survived against defendant Annucci, the Commissioner of DOCCS, in his official capacity, there is no reason to direct that all of the defendants respond to that claim.

[2] Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Pucci v. Brown*, 423 Fed. App'x 77, 78 (2d Cir. 2011). The Court finds that amendment of these claims would be futile.

[3] Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). An opportunity to amend is not required where plaintiff has already amended his complaint. *See Shuler v. Brown*, No. 9:07-CV-

6

**ORDERED** that defendants DeSimone, Sheehan, Tynon, and King are **DISMISSED without prejudice** from this action; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the amended complaint, to the United States Marshal for service upon defendant Annucci. The Clerk shall forward a copy of the summons and amended complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the sole remaining claim in plaintiff's amended complaint be filed by defendant Annucci, or his counsel, as provided for in the Federal Rules of Civil Procedure;[4] and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly**

---

0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) (McAvoy, J., *adopting* Report-Recommendation by Lowe, M.J.) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."); *Yang v. New York City Trans. Auth.*, No. 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion if movant has repeatedly failed to cure deficiencies in pleading). Additionally, to the extent that plaintiff's claims are barred by *Heck v. Humphrey*, dismissal is without prejudice. *See Amaker v. Weiner*, 179 F.3d 48 (2d Cir. 1999) (dismissal under *Heck* is without prejudice; if plaintiff's conviction or sentence is later declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated).

[4] The only claim remaining is the claim for injunctive relief against defendant Annucci in his official capacity, as more fully described herein above.

7

**notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

    **ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated:    October 5, 2017
              Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge