**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

OSCAR MILLER,

                        Plaintiff,
      v.                                                                      9:17-CV-369
                                                                           (GTS/DJS)

ANTHONY ANNUCCI,

                        Defendant.

---

**APPEARANCES:**                                                  **OF COUNSEL:**

OSCAR MILLER
10-A-3376
Plaintiff, *Pro Se*
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, NY 12821 14-B-3306

HON. LETITIA JAMES                                           KEITH J. STARLIN, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      Plaintiff, presently an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this *pro se* action pursuant to 42 U.S.C. § 1983, seeking "a court order directing the defendant[] to produce

documentary evidence 'to substantiate his Sentence and Commitment' so that he may 'explore' whether he can lodge a challenge to his confinement." Dkt. No. 7 (quoting Dkt. No. 6, Am. Compl.). Defendant Anthony Annucci now moves for summary judgment on the ground that all relevant documents have been produced and the action is moot. Dkt. No. 42. Plaintiff opposes the Motion, Dkt. No. 46, and Defendant has filed a reply. Dkt. No. 47. For the reasons which follow, the Court recommends granting the Motion.

## I. BACKGROUND

Plaintiff is in the custody of the DOCCS. Am. Compl. at ¶ 4. The Amended Complaint contends that Plaintiff may not be lawfully incarcerated but also specifically states that Plaintiff "is not challenging the validity of the conviction, nor does he seek immediate release from incarceration." *Id.* at ¶¶ 10 & 17. Following initial review of the Amended Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, all claims were dismissed with the exception of a claim for injunctive relief against Defendant Annucci directing the production of evidence related to his sentence and commitment to DOCCS custody. Dkt. No. 7 at p. 5.

Defendant answered the Amended Complaint, Dkt. No. 16, and a Mandatory Pretrial Discovery and Scheduling Order was issued. Dkt. No. 17. Pursuant to that Order Defendant was required to provide Plaintiff with "all documents and other materials in the care, custody, or control of any defendant or the defendant's employer

2

. . . related to the claims or defenses in the case." *Id.* at p. 2. Defendant made this initial disclosure of information on March 9, 2018. Dkt. No. 42-2, Declaration of Keith Starlin ("Starlin Decl.") at ¶ 6 & Ex. A. During the course of discovery Plaintiff was provided additional documentation. *Id.* at Ex. E.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations

of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin,* 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc*., 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

### III. ANALYSIS OF DEFENDANT'S MOTION

The pending Motion seeks summary judgment on the ground that Plaintiff's claim is now moot because Defendant has provided Plaintiff with the documents justifying Plaintiff's commitment to the custody of DOCCS. Dkt. No. 42-11, Def.'s Mem. of Law at pp. 4-6.

"The mootness doctrine is derived from Article III of the Constitution, which provides that federal courts may decide only live cases or controversies." *Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001) (citing *Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 647 (2d Cir. 1998)). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). In a case for injunctive relief, when the party receives that which he seeks in the action the claim generally becomes moot. *Kuck v. Danaher*, 600 F.3d 159, 168 (2d Cir. 2010); *cf. Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir.2005) ("The occurrence of the action sought to be enjoined normally moots the request for preliminary injunctive relief because this Court has no effective relief to offer once the action has occurred.").

Plaintiff alleged that Defendant was under a duty to compel production of his sentencing minutes[1] and that his Uniform Sentence and Commitment form cannot be

---

[1] It is questionable whether, even if true, such an obligation presents a federal claim. *See Germenis v. N.Y.S. Dep't of Corr. Servs.*, 2009 WL 2877646, at *4 (S.D.N.Y. Sept. 9, 2009) (alleged failure to maintain copy of sentencing minutes is a state law procedural failure that does not present a cognizable federal constitutional claim).

5

authenticated without the sentencing minutes. Am. Compl. at ¶¶ 18-19. He also claimed the lack of any record of a *Parker* Hearing[2] as a deficiency in DOCCS' continued custody of him. *Id.* at ¶¶ 29 & 30. Plaintiff offers no legal support for these conclusions, but even assuming them to be true for purposes of this Motion, Defendant has now produced those sentencing minutes to Plaintiff and the transcript of the Parker Hearing. Starlin Decl., Ex. E at pp. 8-20; 24-43. He has also been provided with a "certificate of disposition indictment." *Id.* at p. 22. In addition to those records Defendant has produced to Plaintiff the following additional records: Plaintiff's Uniform Sentence & Commitment, *id.*, Ex. A at p. 11, various DOCCS time computation and other departmental records, *id.* at pp. 1-10, 13-21, & 59-80, and various correspondence and documents from New York State court proceedings, *id.* at pp. 23-57 & 78-83. Defendant, therefore, has produced the documentary evidence regarding Plaintiff's commitment to DOCCS custody that underlies the sole surviving claim for injunctive relief in this case. *See* Dkt. No. 7 at p. 5. Plaintiff has received not only the two transcripts he contends were essential to evaluate the accuracy of his sentence, but numerous other documents. In light of this production, the Court agrees that Plaintiff's claim is now moot.

---

[2] A hearing, conducted pursuant to *People v. Parker*, 57 N.Y.2d 136, 140 (1982), used to determine whether a criminal defendant knowingly and voluntarily waived his right to be present at his trial. *Medrano Lara v. New York*, 2008 WL 2271215, at *1 (S.D.N.Y. June 2, 2008).

Plaintiff's opposition cites to no document he claims he requested or should have been provided, but was not. He makes only a purely conclusory allegation that some of the records provided are not authentic. *See* Dkt. No. 45-1, Pl.'s Mem. of Law at pp. 1-3. Such allegations offered without any support in the record are insufficient to create questions of fact precluding summary judgment. *Espinosa v. McCabe*, 2012 WL 4107908, at *3 (N.D.N.Y. Sept. 19, 2012); *Nash v. Vill. of Endicott*, 2010 WL 3807051, at *6 (N.D.N.Y. Sept. 22, 2010); *Khan v. Bank of Am., N.A.*, 572 F. Supp. 2d 278, 293 (N.D.N.Y. 2008).

Plaintiff also objects that Defendant's production of documents was untimely under FED. R. CIV. P. 34. Pl.'s Mem. of Law at pp. 3-4. This argument has already been rejected by the Court in conjunction with a discovery dispute. Dkt. No. 41 at pp. 8-10. Any alleged untimeliness would not, in any event, be a basis for denying summary judgment when the relevant records have been provided.

While there are exceptions to the mootness doctrine, none is applicable here. One such exception is the voluntary cessation doctrine under which a defendant's voluntary agreement to stop a challenged practice does not moot the Court's authority to address the legality of the practice. *Holland v. Goord*, 758 F.3d 215, 223 (2d Cir. 2014). Here, Defendant was not alleged to have been engaged in wrongful conduct that has now ceased, but instead was sued to provide documents which he has now done. The voluntary cessation doctrine, therefore, is no bar to Defendant's Motion.

Another exception exists for actions that are capable of repetition, but evade review by the courts. *Lloyd v. City of New York*, 43 F. Supp. 3d 254, 269 (S.D.N.Y. 2014). The Supreme Court has recognized that this doctrine "limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). No credible argument is made here that the facts underlying this litigation, namely Plaintiff's need for specific documents, would likely be repeated. There is also no credible argument that given the progress of this particular litigation, Plaintiff's claim has evaded review.

Accordingly, because Plaintiff has received the relief he requests in this litigation the Court recommends granting Defendant's Motion for Summary Judgment.

### IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 42) be **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed

with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date:  April 5, 2019
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge