UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

OSCAR MILLER,

                                    Plaintiff,
                                                                9:17-CV-0369
v.                                                              (GTS/DJS)

ANTHONY ANNUCCI, Acting Comm'r of the
New York State Department of Corrections and
Community Supervision,

                                    Defendant.
_____

APPEARANCES:                                                   OF COUNSEL:

OSCAR MILLER, 10-A-3376
  Plaintiff, *Pro Se*
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, New York 12821

HON. LETITIA A. JAMES                                          KEITH J. STARLIN, ESQ.
Attorney General for the State of New York                    Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before the Court, in this *pro se* prisoner civil rights action filed by Oscar Miller

("Plaintiff") against Anthony Annucci, Acting Commissioner of the New York State Department

of Corrections and Community Supervision ("Defendant") seeking a Court order directing

Defendant to produce documentary evidence in order to determine whether Plaintiff may be able

to challenge his sentence, are (1) United States Magistrate Judge Daniel J. Stewart's Report-

Recommendation recommending that Defendant's motion for summary judgment be granted based on the fact that Plaintiff's remaining claim in this action is now moot in that he has been provided with all of the documents he requested, and (2) Plaintiff's Objections thereto. (Dkt. No. 52.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Amended Complaint is dismissed.

## I.    RELEVANT BACKGROUND

### A.    Magistrate Judge Stewart's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Stewart rendered findings of fact and conclusion of law that Defendant's motion for summary judgment should be granted and that the remainder of Plaintiff's Amended Complaint should be dismissed as moot because, even assuming the constitutional claim to which his request for injunctive relief relates is actionable, Defendant has provided Plaintiff with all the documents he requested, and no exceptions to the mootness doctrine apply in this case. (Dkt. No. 52, at Part III.)

### B.    Plaintiff's Objections to the Report-Recommendation

Generally, in his Objections, Plaintiff asserts two related arguments: (1) an argument that, although the requested documents were eventually provided to Plaintiff, his claim is not moot because, by providing the documents in a fashion that is untimely and improper under state law, Defendant has precluded him from being able to now demonstrate on either direct appeal or collateral review that he is actually innocent of the crime of which he was convicted, thus depriving him of his rights to due process under the Fourteenth Amendment; and (2) a similar argument based on the fact that Defendant's provision of the requested documents was both in bad faith and untimely under Fed. R. Civ. P. 34. (Dkt. No. 63, at Points 1 and 2.)

## II.    GOVERNING LEGAL STANDARD

When a *specific* objection is made to a portion of a magistrate judge's report-

recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and

---

[1]       *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]       *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

[3]      *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

Even construing Plaintiff's Objections with the utmost of special liberality, the Court must find that they are redundant of the arguments he presented to Magistrate Judge Stewart in his memorandum of law in opposition to Defendant's motion for summary judgment. (*Compare* Dkt. No. 63, at Points 1 and 2 [Plf.'s Obj., arguing that there was a violation of Fourteenth Amendment due process rights based on bad faith and untimeliness under state law and Fed. R. Civ. P. 34] *with* Dkt. No. 45, Attach. 1, at Points 1 and 2 [Plf.'s Opp'n Memo. of Law, arguing that there was a violation of Fourteenth Amendment due process rights based on bad faith and untimeliness under state law and Fed. R. Civ. P. 34].) As a result, the so-called "challenged" portions of the Report-Recommendation are entitled to only clear-error review. *See, supra,* Part II of this Decision and Order.

After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation. Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 52.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein, Defendant's motion is granted, and Plaintiff's Amended Complaint is dismissed.

---

[4]     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

In the alternative, the Court finds that, even if it were to subject the Report-Recommendation to the more-rigorous scrutiny appropriate for de novo review, it would find that the Report-Recommendations survives that review for the reasons stated by Magistrate Judge Stewart. To those reasons, the Court adds only the following three points.

First, the Court agrees with Magistrate Judge Stewart to the extent he finds, as a threshold matter, that the failure to produce sentencing minutes in a timely fashion under state law does not constitute a violation of the Due Process Clause of the Fourteenth Amendment. (Dkt. No. 52, at 5, n.1 [citing *Germenis v. N.Y.S. Dep't of Corr. Servs.*, 08-CV-8968, 2009 WL 2877646, at *4 (S.D.N.Y. Sept. 9, 2009)].) Numerous district court decisions other than *Germenis* have recognized the point of law that violating state law by failing to properly consider sentencing minutes under state law does not give rise to a cognizable constitutional claim. *See, e.g., Brisco v. Rice,* 11-CV-0578, 2012 WL 253874, at *6 (E.D.N.Y. Jan. 27, 2012); *Sheppard v. N.Y.S. Div. of Parole,* 10-CV-5376, 2011 WL 2610695, at *4 (S.D.N.Y. June 28, 2011); *Villalobos v. N.Y.S. Div. of Parole,* 09-CV-8431, 2010 WL 3528926, at *3 (S.D.N.Y. Aug. 23, 2010); *Gomez v. Alexander,* 08-CV-8800, 2010 WL 1257331, at *6 (S.D.N.Y. March 24, 2010); *Trueluck v. N.Y.S. Bd. of Parole*, 08-CV-1205, 2010 WL 1268028, at *6 (N.D.N.Y. Feb. 23, 2010), *adopted*, 2010 WL 1268180 (N.D.N.Y. Apr. 1, 2010); *Standley v. Dennison*, 05-CV-1033, 2007 WL 2406909, at *8-9, 11-12 (N.D.N.Y. Aug. 21, 2007).

Second, the Court reaches the same conclusion with regard to a record of the *Parker* hearing. *See, e.g., Germenis*, 2009 WL 2877646, at *4-5 ("Germenis contends that defendants' failure to properly maintain his file with his sentencing minutes *and possibly other documents* . . . impinged on his due process rights to fair hearings and any meaningful chance of release. . . . A failure to properly maintain Germenis's file with each and every document New York law directs be included in the file, and a failure to consider one or more of those required documents at his

parole hearings, without more, is insufficient to state a plausible claim that any defendant acted arbitrarily or capriciously in denying parole.").

Third, in rendering his findings of fact and conclusions of law, Magistrate Judge Stewart rejected on each of two grounds Plaintiff's argument that Defendant's production of the requested documents was untimely under Fed. R. Civ. P. 34: (1) the fact that such an argument had already been presented by Plaintiff, and rejected by the Court on pages 8 through 10 of its Decision and Order of August 14, 2018; and (2) the fact that, in any event, such an argument is not a basis for denying Defendant's motion for summary judgment. (Dkt. No. 52, at 7.) The Court relies on both grounds here, particularly the first ground, which the Court construes as invoking the law-of-the-case doctrine.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 52) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 42) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 6) is **DISMISSED**.

Dated: August 8, 2019
        Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge